## YOUNG *v*. STATE.

### Opinion delivered February 1, 1902.

EVIDENCE—DYING DECLARATIONS—OPINION—CORROBORATIVE EVIDENCE.— Proof that one mortally wounded stated, after he was shot, that the shot was accidental was properly rejected where proper foundation for its admission as a dying declaration was not made, especially where it was merely a matter of opinion and corroborative of the testimony of other witnesses.

Appeal from Drew Circuit Court.

ZACHARIAH T. WOOD, Judge.

Affirmed.

*George W. Murphy, Attorney General,* for appellee.

BUNN, C. J. This is an indictment for murder in the first degree, and judgment for involuntary manslaughter, and sentence for one year in the state penitentiary, and defendant appealed to this court.

The defendant moved the court for a new trial, but on what ground it nowhere appears, as the motion does not seem to have been reduced to writing. On a close inspection of the record, we find only one objection made by the defendant, and that was as

to the court's refusal to admit the testimony of Dr. Young, grand-father of the defendant, as to the opinion expressed to him by the deceased, after he was shot, that the shot was accidentally fired. The record does not show that the foundation was properly laid to make this statement of the deceased admissible as a dying decla-ration; and, besides, it was only a matter of opinion of deceased, and corroborative of what other witnesses of the defendant had said on the stand.

The evidence was amply sufficient to convict the defendant of involuntary manslaughter, if not of a higher degree of homicide. Upon the whole case, there being no objection to the instructions, we are of the opinion that the judgment should be affirmed, and it is so ordered.